IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bomasada Investment Group II, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:18-cv-1784-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Nationwide Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 30, 2019, this Court entered an order granting Defendant Nationwide Insurance Co.'s ("Defendant" or "Nationwide") motion for summary judgment and denying Plaintiff Bomasada Investment Group II, LLC's ("Plaintiff" or "BIG II") motion for partial summary judgment. On October 17, 2019, Plaintiff filed a motion to alter or amend the Court's order and judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Reconsideration of a judgment pursuant to Rule 59(e) is an extraordinary remedy that should be used sparingly. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396,

403 (4th Cir.1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Ordinarily, a court may grant a motion to alter or amend pursuant to Rule 59(e) for only three reasons: (1) to comply with an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403.

In its motion, Plaintiff asserts that the Court erred in ignoring the issue of whether Nationwide's additional insured endorsement applied to BIG II as an additional insured and instead ruling that a 2013 policy cannot cover work completed in 2007. (ECF No. 83-1 at 1.) Plaintiff states: "[t]he application of the 2013 policy to work performed in 2007 has never been disputed and was never an issue in this case. It was never raised by Nationwide in its brief and never raised by Nationwide in its reservation of rights." (*Id.*)

After review, the Court finds no merit to Plaintiff's arguments. Nationwide asserted in its motion for summary judgment that the certificate of insurance that Jones Glass provided BIG II identified applicable carriers as National Trust Insurance Company and FCCI Insurance company, but "no where in the documents is there any reference to

the insurance sold to Jones Glass by Nationwide which is approximately 6 years after the date of the work performed by Jones Glass." (ECF No. 66 at 2.) Nationwide further asserted:

> The Nationwide insurance policy, in pertinent part, mandates that the Additional Insured status is provided to an entity "for whom you are performing operations only as specified under a written contract that requires such person or entity to be added as an additional insured on your policy." The work performed by Jones Glass for Hightower was six (6) years prior to the Nationwide policy term so it could not possibly be "for whom you are performing operations." The subcontract cannot under any interpretation be construed as requiring any insurance above and beyond that set forth on the Certificate of Insurance. Nationwide could not have been identified because it did not insure Jones Glass, Inc., the Nationwide Insured at the time it was "performing operations" for Hightower Construction Co., Inc., being the general contractor on the project.

(*Id.*) This is precisely the reasoning the Court adopted in its ruling; thus, Plaintiff's contention that Nationwide never raised the issue is without merit. Ultimately, as the Court previously explained, there was no opportunity for the Nationwide policy to be triggered here because there was no point at which Jones Glass was both (1) insured by Nationwide and (2) performing operations *in the present tense*, whether for Hightower

or BIG II. Because Plaintiff has failed to demonstrate that relief is warranted pursuant to Rule 59(e), the Court denies Plaintiff's motion (ECF No. 83).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

June 11, 2020
Charleston, South Carolina